UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA

CASE NO:

JOSE RUBEN SOLIS HIDALGO,

    Plaintiff,

v.

PEACH STATE ROOFING, INC., a foreign corporation,

    Defendant.
_____/

## COMPLAINT FOR DAMAGES AND JURY TRIAL DEMANDED

Plaintiff, JOSE RUBEN SOLIS HIDALGO, ("SOLIS") by and through his undersigned attorney, files this, his Complaint for Damages against Defendant, PEACH STATE ROOFING, INC. (hereinafter "PEACH"), and states as follows:

## INTRODUCTION

1. This is an action to recover unpaid overtime wage compensation under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et. seq,* (hereinafter "FLSA").

## JURISDICTION

2. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §1331. At all times pertinent to this Complaint, the corporate Defendant, PEACH was an enterprise engaged in interstate commerce. At all times pertinent to this Complaint, the Defendant regularly owned and operated a business engaged in commerce or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s).

3. Defendant, PEACH, operated a roofing business. Plaintiff, SOLIS' work, and the work of at least 20 other employees employed by the Defendants, involved handling on a regular and recurrent basis "goods" or "materials," as defined by the FLSA, which were used commercially in Defendant's business, and moved in interstate commerce. This included equipment, tools, and roofing supplies that were manufactured outside the State of Florida.

4. Upon information and belief, during the relevant time period, the Defendant had an annual gross volume of sales made or business done of not less than $500,000.00.

5. The Defendant is subject to the jurisdiction of this Court because they engage in substantial and not isolated activity within the Northern District of Florida.

6. The Defendant is also subject to the jurisdiction of this Court because they operate, conduct, engage in, and/or carry on business in the Northern District of Florida.

## VENUE

7. The venue of this Court over this controversy is based upon the following:

   a. The unlawful employment practices alleged below occurred and/or were committed in the Northern District of Florida and,

   b. The Defendant was and continues to be a corporation and an individua doing business within this judicial district.

## PARTIES

8. At all times material hereto, Plaintiff, SOLIS was an "employee" of the Defendant within the meaning of the FLSA.

9. At all times material hereto, corporate Defendant, PEACH was conducting business in Milton, Florida, which is within the Northern District of Florida.

10. At all times material hereto, Defendant, PEACH was the employer of Plaintiff, SOLIS.

11. At all times material hereto, Defendant was and continues to be an "employer" within the meaning of the FLSA.

12. At all times material hereto, the Defendant knowingly and willfully failed to pay Plaintiff, SOLIS his lawfully earned wages in conformance with the FLSA.

13. The Defendant committed a willful, malicious and unlawful violation of the FLSA and, therefore, are liable for monetary damages.

14. At all times material hereto, corporate Defendant, PEACH was an "enterprise" engaged in commerce" within the meaning of the FLSA.

15. At all times material hereto, the work performed by Plaintiff, SOLIS was directly essential to the business performed by Defendant, PEACH.

16. Plaintiff, SOLIS has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## STATEMENT OF FACTS

17. In or about 2012, Plaintiff, SOLIS was hired by the Defendant as roofing laborer. His employment continues to date.

18. Plaintiff, SOLIS was paid an hourly wage of $15.50, which increased to $17.00, and subsequently increased to $18.00 per hour.

19. Defendant knowingly and willfully operated their business with a policy of not paying wages in conformance with the applicable law, to the Plaintiff, SOLIS.

20. Plaintiff, SOLIS has retained Bober & Bober, P.A. to represent him in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM:

### COUNT I

### VIOLATION OF 29 U.S.C. § 207 (UNPAID OVERTIME)

21.   Plaintiff, SOLIS repeats and realleges Paragraphs 1 through 20 as if fully set forth herein.

22.   Plaintiff, SOLIS' employment with the Defendant was to consist of a normal work week for which he should have received time and one-half for his hours worked in excess of the maximum hours provided for in the FLSA.

23.   During Plaintiff, SOLIS' employment, Plaintiff, SOLIS worked hours in excess of forty (40) per week for which he was not compensated at the statutory rate of time and one-half for all of his hours.  Plaintiff, SOLIS was entitled to be paid at the rate of time and one-half for all of his hours worked in excess of the maximum hours provided for in the FLSA.

24.   Records, if any, concerning the number of hours worked by Plaintiff, SOLIS and the actual compensation paid to Plaintiff, SOLIS are in the possession and custody of the Defendant.  Plaintiff, SOLIS intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, he will then seek leave of Court to amend his Complaint for Damages to set forth the precise amount due him.

25.   Defendant knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by its failure to compensate Plaintiff, SOLIS at the statutory rate of time and one-half for all the hours he worked in excess of forty (40) hours per week when they knew or should have known such was due.

26.   Defendant failed to properly disclose or apprise Plaintiff, SOLIS of his rights under the FLSA.

27. As a direct and proximate result of the Defendant's willful disregard of the FLSA, Plaintiff, SOLIS is entitled to liquidated damages pursuant to the FLSA.

28. Due to the willful and unlawful actions of the Defendant, Plaintiff, SOLIS has suffered damages in the amount not presently ascertainable of unpaid overtime wages, plus an equal amount as liquidated damages.

29. Plaintiff, SOLIS is entitled to an award of his reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff, SOLIS respectfully requests that judgment be entered in his favor against the Defendant:

    a.    Declaring that the Defendant violated the overtime provisions of 29 U.S.C. § 207;

    b.    Awarding Plaintiff, SOLIS overtime compensation in the amount calculated;

    c.    Awarding Plaintiff, SOLIS liquidated damages in the amount calculated;

    d.    Awarding Plaintiff, SOLIS reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

    e.    Awarding Plaintiff, SOLIS post-judgment interest; and

    f.    Ordering any other and further relief this Court deems to be just and proper.

DATED:  September 9, 2019.

Respectfully submitted,

BOBER & BOBER, P.A.
Attorneys for Plaintiff, SOLIS
2699 Stirling Road, Suite-A304
Hollywood, FL 33312
Phone: (954) 922-2298
Fax: (954) 922-5455
peter@boberlaw.com
samara@boberlaw.com

By: s/. Peter Bober
      PETER BOBER
      FBN:  0122955